UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:24-mj-300-01-AJ |
| ) | |
| STACEY RAY LANCASTER ) | |
| ) | |

**UNITED STATES' MOTION FOR DETENTION**

The defendant was arrested on charges of attempted sex trafficking of a minor under 18 USC §§ 1591(a)(1), (b)(1) and §1594.  Under the Bail Reform Act, 18 U.S.C. § 3142, this offense gives rise to a presumption of detention.[1]  The Court should detain the defendant pending trial because there is no condition or combination of conditions that can reasonably assure the safety of any other person and the community.

I.      **The Bail Reform Act**

The Bail Reform Act authorizes the Court to detain a criminal defendant upon finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e). Subject to rebuttal by the person, there is a presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the defendant's crime involves a minor victim under § 1591.  In making its bail determination, the Court is required to consider information regarding: (1) the nature and circumstances of the offense charged, "including whether the offense is…a violation of section 1591," (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and

---

[1] Under the Bail Reform Act, the government may seek pretrial detention of a defendant charged with a "a violation of section 1591." 18 U.S.C. § 3142(f)(1).

seriousness of the danger to any other person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). The Government bears the burden of demonstrating dangerousness by clear and convincing evidence, and must support a finding of risk of flight by a preponderance of the evidence. *United States v. Johnson*, 12-mj-01-01-LM, 2012 WL 40463, at *2 (D.N.H. Jan. 6, 2012).

Detaining the defendant is appropriate here because, on balance, the factors set forth in 18 U.S.C. § 3142(g) weigh heavily in favor of detention.

**II.    The nature and circumstance of the offense charged**

The nature and circumstances of the defendant's crimes are incredibly serious and involve the attempted sex trafficking of a 12-year-old girl. Beginning on or about November 14, 2024, law enforcement agents posted an advertisement (the "Advertisement") on a website commonly used to advertise commercial sex acts. The Advertisement contained images of what appeared to be two young females and the following language:

> "Sweet & tight! Ready 2 have some fun!"
> "In town 4 a limited time only"
> "Cute & very petite girl that is tight from head to toe! Cum over to play with me!"
>
> "Text for donations. Incall only – safe and discrete location."

The Advertisement indicated that the person who would perform commercial sex acts was 99 years old. The Advertisement also contained a contact phone number (the "Advertisement Number"). Law enforcement agents monitored this line and an undercover agent ("UC1") used it to communicate with potential sex buyers, including Lancaster. On or about November 14, 2024, Lancaster texted the Advertisement Number and agreed to pay $100 to have sex with the 12 year-old girl. The below sets for the content of Lancaster's chats with the Advertisement Number:

| Lancaster | Hi are you available for a QV incall?[2] |

---

[2] QV" stands for "quick visit" or a 15-minute visit.

| | |
|---|---|
| UC1 | hey hun.. ive got 2 beauties im bookin dates for |
| Lancaster | Can you send me there pictures? Also is cash ok? It be ready around 3:15 |
| UC1 | here u go hun.. this is my sweet izzy shes 12 yo but lots of fun |
| UC1 | [Photograph sent]³ |
| Lancaster | Did you say she's 12? Are you being serious. That's really bad if that's true. |
| UC1 | hun i dont force her.. she enjoys it. if this isnt ur thing its cool 😊 |
| Lancaster | Are you affiliated with any law enforcement? |
| UC1 | No!!! And i dont need trouble. r u with police?? if u are u gotta tell me! |
| Lancaster | I am not affiliated with any law enforcement. |
| Lancaster | Do you accept cash. |
| Lancaster | Do you have anyone older too? |
| UC1 | cashis best hun.. been scammed with apps b4 n dont really like them |
| UC1 | nah hun sorry just my two cute girls |
| Lancaster | Is 100 ok. Can you send a picture of the other one? |
| UC1 | here u go hun |
| UC1 | [Photograph sent] |
| Lancaster | How old? |
| Lancaster | Also where are you located. |
| UC1 | This last pic is Leila.. shes 14 years old but has lots of experience |
| UC1 | were at a hotel here in manchester hun |
| Lancaster | Which hotel. |
| UC1 | hun for safety reasons i dont give hotel until i know ur serious.. cant just be giving out our hotel hope u understand |
| UC1 | u wanna see one or both? |
| Lancaster | Just 1 you pick. 100 ok? I'll be there at 3:15. What's the location. |
| UC1 | its ur time and money hun.. u tell me which ud like.. izzy or leila 😊 both know how to have a good time 😋 |
| Lancaster | Let's do Izzy. |
| UC1 | okay hun.. i got u down with izzy u still lookin at 315? r u going to want bare? |
| Lancaster | No not bare yes 3:15 |
| UC1 | $100 not bare is qv hun hh is $150 |
| UC1 | is that okay? |
| Lancaster | Ok yes QV. |
| UC1 | r u bringing condoms or u can just use the ones we have here up to you hun |
| Lancaster | Yours is fine. |
| Lancaster | Ok just the location. |
| UC1 | lmk when ur ready hun n ill send u the hotel .. just no rough stuff bc shes only 12 but i got you down for 315pm. ill make sure shes ready for you 😊 |
| Lancaster | Ok |
| Lancaster | On my way… where's it at. |

UC1 then provided Lancaster the address of a hotel in Manchester, NH ("Hotel") as the location of the date with the 12-year-old girl. Shortly thereafter, Lancaster arrived at the Hotel. At

---

³ Photographs sent did not depict an actual minor.

the Hotel, there was another undercover agent ("UC2"), who was posing as the person who posted the Advertisement and the user of the Advertisement Number. Lancaster approached UC2 in the parking lot of the Hotel and the two had a conversation. Lancaster expressed nervousness about the transaction and asked if he could go up and meet with the 12-year-old girl in the Hotel room. UC2 asked if Lancaster could show him the cash for the transaction as agreed through the prior message exchange with UC1. Lancaster showed UC2 his phone, which had cash and a bank card in the mobile phone wallet attached to the back of the phone. Lancaster asked if UC2 could touch in his crotch area in order to demonstrate to Lancaster that UC2 was not affiliated with law enforcement. UC2 did so. Lancaster then asked if he could touch UC2 and then touched UC2's breast. Lancaster then confirmed that he was willing to use a condom and that he would leave the money with the 12-year-old girl. Law enforcement officers then arrested Lancaster and took him into custody.

Lancaster first contacted the Advertisement Number at 7:21 AM on November 14, 2024. He then commenced the back-and-forth chat with UC1 after UC1 responded at 12:15 PM on November 14, 2024. He then negotiated with UC1 to pay for sex with a 12-year-old for the next couple of hours, with his message "Let's do Izzy" sent at 2:08 PM. At 2:57 PM, the defendant wrote "On my way…where's it at".

As noted below, it is the government's understanding that the defendant is employed full-time at Manchester West High School, not far from the Hotel where the defendant was arrested. According to information available on the Manchester School District's website, the Manchester West High School dismissal time is 2:55 PM.[4] The government has also learned that video footage from Manchester West High School appears to show Lancaster departing the school at about 2:50

---

[4] https://www.mansd.org/page/school-year-information-2024-2025

PM. Given the timing of the communications and Lancaster's job, the government is concerned that Lancaster was negotiating for commercial sex with a minor while he was at work at a school.

In addition, the content of these chats underscores the serious nature of the offense charged. Congress established stiff penalties and a rebuttable presumption of detention for people who attempt to sex traffic children because the harm they cause is incalculable and their victims are defenseless. This factor weighs strongly in favor of detention.

### III.    Weight of the evidence

The weight of the evidence is strong. The defendant used his phone to communicate with UC1 and those messages are preserved and are evidence of the offense. The defendant also confirmed the details of his intent to pay for sex with a 12-year-old girl through his conversation and actions with UC2 in the Hotel parking lot. He brought cash to the Hotel to pay for the transaction. A preliminary review of the cellphone seized from Lancaster shows that the chats and pictures sent by UC1 were on Lancaster's device. The weight of the evidence, including witness testimony and evidence from Lancaster's personal cellphone, weighs in favor of detention.

### IV.    History and characteristics of the defendant

The Court must also consider defendant's individual history and characteristics, including, among other factors, his character, family ties, employment, financial resources, past conduct, history relating to drug or alcohol abuse, and criminal history. 18 U.S.C. § 3142(g)(3)(A)-(B). The defendant has a significant travel history, served in the US Navy—including being stationed abroad—and previously lived abroad in Bahrain. He has an ex-wife and two minor living children who live in Bahrain. The defendant also has a current wife and two minor step-children in New Hampshire. The step-children both live with the defendant and

5

his wife at least part-time. It is the government's understanding that the defendant works full-time for Manchester West High School and earns a six-figure salary in that role. The defendant's substantial means and international ties give rise to a significant risk of nonappearance.

### V.  Nature and seriousness of danger posed by defendant

The evidence is clear and convincing that the defendant poses a danger to the community. Crimes against children, including attempted sex trafficking of children, are extremely serious. Moreover, it is the government's understanding that the defendant works with children in his full-time employment at Manchester West High School and that he has minor children in his home. Moreover, the defendant used the internet in part to commit the offense with which he is charged. Given the nature and scope of the internet, there is not real way to restrict the defendant's access to children via the internet entirely. The defendant lives with others who likely possess cell phones and computers and so his access to those devices would also be nearly impossible to monitor.

Additionally, as set forth above, it is the government's reasonable assumption that based on the nature of the defendant's employment and the timing of his chats, that he was negotiating to pay for sex with a minor while he was physically at work at the school where he is believed to be employed.

Lancaster, moreover, is a risk of flight. Defendant has been charged with a serious felony—which carries a significant mandatory minimum sentence of 15 years—and the evidence against him is substantial. He has a lengthy travel history and has lived abroad in Bahrain. He still has close ties to Bahrain with his ex-wife and two biological children living there. This is sufficient for the Court to find risk of flight by a preponderance of the evidence. *See United States v. Valdiva*, 104 F. App'x 753, 754 (1st Cir. 2004) (noting that court considers family ties,

steady and gainful employment, reputation in the community, and whether there are family members available to take custody of the defendant). This, coupled with the defendant's substantial financial means, is sufficient for the Court to find risk of flight by a preponderance of the evidence.

## VI.     Alternatives to detention

There is "no condition or combination of conditions" that this Court can impose on the defendant that will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

Here, home detention and electronic monitoring are insufficient when the defendant will reside in a home with multiple other electronic devices. Even if those devices are password-protected, it is incredibly hard for probation to detect whether the defendant has obtained the password and used other devices in the residence.

## VII.    Conclusion

For all of these reasons, the United States respectfully requests that the Court order that the defendant be detained pending trial.

November 18, 2024                                                Respectfully submitted,

                                                                       JANE E. YOUNG
                                                                       United States Attorney

By:     /s/ Matthew Vicinanzo

        Matthew Vicinanzo
        Anna Krasinski
        Assistant U.S. Attorneys
        53 Pleasant Street, 4th Floor
        Concord, NH  03301
        (603) 225-1552